## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Farnam Street Financial, Inc., a Minnesota corporation,<br><br>Plaintiff,<br><br>v.<br><br>The Riveter, Inc., a Delaware corporation,<br><br>Defendant. | Civil Action No. _____<br><br><br><br>**COMPLAINT** |

For its Complaint against Defendant The Riveter, Inc. ("Riveter" or "Lessee"), Plaintiff Farnam Street Financial, Inc. ("Farnam Street") states and alleges as follows:

### THE PARTIES

1. Farnam Street is a Minnesota corporation with its corporate headquarters and principal place of business located in Hennepin County, Minnesota at 5850 Opus Parkway, Minnetonka, Minnesota 55343. Farnam Street is engaged in the business of equipment leasing.

2. Farnam Street's employees are located in Minnesota (with the exception of one employee located in California), all of its offices are located in Minnesota, all of its lease contracts are delivered to Farnam Street in Minnesota, and all lease payments are made to Farnam Street (or its bank) in Minnesota.

3. The Riveter, Inc. is a Delaware corporation with its principal place of business located at 5021 Colorado Ave. S., Seattle, WA 98134.

## JURISDICTION AND VENUE

4.    This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because there exists complete diversity of citizenship between Farnam Street and Riveter, and the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interest.

5.    Venue is also proper in this district pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district. Additionally, the parties contractually agreed to venue in this district.

## FACTUAL BACKGROUND

6.    In June 2018, Farnam Street and Riveter entered into an equipment lease agreement identified as Lease Agreement Number RI061118 ("Lease Agreement"). A true and correct copy of the Lease Agreement is attached hereto as **Exhibit A**.

7.    In connection with the Lease Agreement, Farnam Street and Riveter executed Lease Schedule No. 001R ("Schedule 1R"), a true and correct copy of which is attached hereto as **Exhibit B**.

8.    Pursuant to the terms of Schedule 1R, Farnam Street leased $556,773.17 worth of office equipment ("Equipment") to Riveter for a term of 24 months, commencing on November 1, 2018. In exchange, Riveter agreed to, among other things, pay "Monthly Lease Charges" to Farnam Street in the amount of $23,321.00, plus applicable taxes, on the first of each month of Schedule 1R's term.

9.    In connection with Schedule 1R, Riveter provided a security deposit in the amount of $46,642.00, returnable to Riveter only if there has been no event of default.

10. The term for Schedule 1R expires on October 31, 2020 ("Initial Term"). At the end of the Initial Term (or any renewed term thereafter) and after paying all required Monthly Lease Charges, Riveter is required to return the Equipment to Farnam Street.

11. In order to terminate Schedule 1R at the end of the Initial Term, Riveter is required to (i) provide written notice of termination to Farnam Street at least 120 days prior to the end of the Initial Term, and (ii) return all of the Equipment within ten days after expiration of the Initial Term. Failure to properly terminate the lease schedule at the end of the Initial Term results in the automatic renewal for one-year.

12. Pursuant to Paragraph 16(1) of the Lease Agreement, non-payment of Monthly Lease Charges that continues for a period of ten (10) days from the due date is defined as an "Event of Default."

13. Riveter caused multiple Events of Default by failing to pay Monthly Lease Charges within ten (10) days from when such charges became due. Specifically, Riveter has failed to make pay any Monthly Lease Charges dating back to the Monthly Lease Charge due on April 1, 2020.

14. Pursuant to Paragraph 17 of the Lease Agreement, as a result of Riveter's Events of Default referenced above, Farnam Street is entitled to, among other things: (i) recover all accrued and unpaid lease charges and other amounts due and owing under the Lease Agreement and Schedule 1R, (ii) accelerate and recover the present value of future lease charges and other amounts likely to become due under the Lease Agreement; and (iii) recover the Casualty Loss Value of the equipment.

CORE/2054069.0141/160028578.5

15. Riveter is obligated to pay Farnam Street for all costs, expenses, and fees (including attorneys' fees) incurred by Farnam Street in seeking to enforce its rights and remedies resulting from the Events of Default. Farnam Street has incurred and continues to incur costs, expenses, and attorneys' fees as a result of Riveter's Events of Default.

16. Farnam Street is also entitled to recover Late Charges (as defined in the Lease Agreement) computed on any past due amount on the date such payment is due and every thirty (30) days thereafter until all past due amounts are paid in full.

17. As of June 24, 2020, the total amount recoverable by Farnam Street from Riveter under Paragraph 17 of the Lease Agreement is $499,387.65.

## COUNT I
## BREACH OF CONTRACT

18. Farnam Street realleges and incorporates by reference each of the preceding paragraphs of this Complaint as if fully restated herein.

19. Riveter has failed to pay Monthly Lease Charges in accordance with the terms of the Lease Agreement and Schedule 1R. Such nonpayment has lasted for more than ten (10) days since the applicable due dates, thus constituting an Event of Default and breach of the Lease Agreement.

20. Riveter's breach of the Lease Agreement is the cause of damages to Farnam Street, entitling it to the relief provided for in the Lease Agreement and as set forth below, including recovery of all amounts owed under the Lease Agreement and Schedule 1R.

## COUNT II
## DECLARATORY JUDGMENT

21. Farnam Street realleges and incorporates by reference each of the preceding paragraphs of this Complaint as if fully restated herein.

22. Pursuant to the Lease Agreement, Farnam Street received a security deposit, which is returnable to Riveter pursuant to Schedule 1R "[p]rovided that there has been no event of default."

23. Riveter has committed multiple Events of Default, thus creating an actual and live controversy between the parties with respect to the security deposit.

24. Farnam Street is entitled to a declaration that it is entitled to retain as income the security deposit.

## REQUEST FOR RELIEF

WHEREFORE, Farnam Street prays for judgment as follows:

1. Awarding damages in the total amount of $499,387.65, plus other amounts due under the Lease Agreement and Schedule 1R in favor of Farnam Street and against Riveter.

2. Awarding prejudgment interest in favor of Farnam Street and against Riveter at the maximum rate allowed by law;

3. Awarding Farnam Street its costs, expenses, and fees (including attorneys' fees) incurred in pursuing this action and in dealing with the Events of Default committed by Riveter, as provided for in the Lease Agreement, and as otherwise allowed by law;

4. Declaring that Farnam Street is entitled to retain the security deposit provided by Riveter in connection with Schedule 1R; and

5. Awarding Farnam Street such other relief as the Court deems just and equitable.

Dated: June 24, 2020

   *s/ Phillip J. Ashfield*
Phillip J. Ashfield (#0388990)
**STINSON LLP**
50 South Sixth Street, Suite 2600
Minneapolis, Minnesota 55402
Telephone: (612) 335-1500
Phillip.Ashfield@stinson.com

**ATTORNEYS FOR FARNAM STREET FINANCIAL, INC.**